UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE HUNTLEY (#97908)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 08-807-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 7, 2009.

                                 */s/ Stephen C. Riedlinger*
                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE HUNTLEY (#97908)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 08-807-RET-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and an unidentified classification officer.  Plaintiff alleged that his brother-in-law was removed from his list of approved visitors in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

    Plaintiff alleged that an unidentified classification officer removed his brother-in-law from his list of approved visitors. Plaintiff attached a copy of the Administrative Remedy Procedure ("ARP") LSP-2008-2289 as an exhibit to his complaint.  A review of ARP LSP-2008-2289 showed that in June 2008 prison officials processed a Request For Change of Approved Visitors List form submitted by the plaintiff.  Plaintiff sought to add Gloria Levy as a visitor and to remove his brother-in-law Larry Boudreaux from his list of visitors.  Although the form contains the plaintiff's signature, the plaintiff alleged that he did not complete that portion of the form requesting the removal of Boudreaux from his list of approved visitors.  Plaintiff did not deny that he requested the addition of Levy to his visitors list.

Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.  In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.  *Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 2804 (1974).

Perhaps the most obvious of the First Amendment rights that are necessarily curtailed by confinement are those associational rights which the First Amendment protects outside of the prison walls.  The concept of incarceration itself entails a restriction on the freedom of inmates to associate with those outside of the prison. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 97 S.Ct. 2532 (1977).  Incarcerated persons maintain no right to simple physical association - with their parents or with anyone else - grounded in the First Amendment.  *Thorne v. Jones*, 765 F.2d 1270, 1274 (5th Cir. 1985).

Plaintiff has failed to allege a violation of a clearly established constitutional right.  Clearly, the plaintiff is allowed to have visitors, albeit a limited number of them, and to add or remove visitors from his approved visitor list.  There is no allegation or indication that the plaintiff cannot have contact with his brother-in-law by other means, such as mail or telephone,

or cannot return his brother-in-law to his visitors list (which may required removing someone else).

Plaintiff named Warden Cain as a defendant but alleged no facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, January 7, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4